# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS TOOL WORKS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MOC PRODUCTS COMPANY, INC., <br><br> Defendant. | CASE NO. 09CV1887 JLS (AJB) <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** <br><br> (Doc. No. 44.) |

Presently before the Court is Defendant and Counter-Plaintiff MOC Products Company, Inc.'s (Defendant or MOC) motion for leave to file first amended answer to complaint, affirmative defenses, and counterclaims. (Doc. No. 44 (Mot. to Amend).) Also before the court is Plaintiff and Counter-Defendant Illinois Tool Works, Inc.'s (Plaintiff or ITW) opposition (Doc. No. 55 (Opp'n)) and MOC's reply. (Doc. No. 61 (Reply).) For the reasons stated below, the Court **GRANTS** Defendant's motion for leave. (Doc. No. 44.)

## BACKGROUND

ITW initiated a patent infringement suit against MOC on August 28, 2009. (Doc. No. 1 (Compl.).) The complaint alleged infringement of three patents, U.S. Patent No. 5,806,629 ('629 patent), U.S. Patent No. 6,112,855 ('855 patent), and U.S. Patent No. 6,073,638 ('638 patent). MOC answered the complaint on November 10, 2009. (Doc. No. 16. (Answer).) On top of denying

infringement, MOC asserted seven affirmative defenses, and counterclaims for declaratory judgment of noninfringement and invalidity.

Nearly a year later, on August 27, 2010, MOC filed the present motion for leave to file first amended answer to complaint, affirmative defenses, and counterclaims. MOC wishes to assert three additional affirmative defenses: implied license, consent, and waiver. (Doc. No. 44-3 (Proposed Answer).) MOC also wishes to add a new party and assert five additional counterclaims based on breach of contract. (Proposed Answer at 8–11.)

## ANALYSIS

### I. Affirmative Defenses

MOC wishes to assert three new affirmative defenses: implied license, consent, and waiver. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But while the rule should be interpreted extremely liberally, it should not be granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). A trial court may deny a motion for leave to amend based on various factors, including bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

ITW argues that MOC should not be allowed assert the new affirmative defenses because MOC could have asserted them back when it filed its first answer. (Opp'n at 13.) In support, ITW cites to three cases, all standing for the proposition that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Assoc. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). *See also Royal Ins. Co. v. Amer. Rigging Co.*, 194 F.3d 1009, 1010 (9th Cir. 1999); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

The Court does not find ITW's citations convincing; the three cited cases are factually distinguishable from the present case. In *Acri*, the case had already proceeded beyond the summary judgement phase. *Acri*, 781 F.2d 1398. And allowing amendment would have resulted in undue prejudice because it would require reopening discovery. *Id.* at 1399. *Royal Insurance* had also progressed past the summary judgment phase when the plaintiff sought leave to file a third amended complaint. *Royal Ins.*, 194 F.3d at 1017. Moreover, the court found that the district court did not

abuse its discretion in denying leave because the plaintiff had already amended its complaint twice. *Id.* And finally, *Kaplan* had also progressed beyond discovery and amendment was sought during the pendency of a summary judgment motion. *Kaplan*, 49 F.3d at 1370.

The present case has not progressed as far as the cited cases. The parties in this case are still conducting discovery—fact discovery does not close until December 31, 2010. And thoughts of summary judgment are barely nascent. Moreover, *Acri* denied amendment based on prejudice to the non-amending party. *Acri*, 781 F.2d at 1399. No prejudice is found here. And *Royal Insurance* denied leave to amend because the party seeking leave had already amended twice before. *Royal Ins.*, 194 F.3d at 1017. This is MOC's first bite at the amendment apple.

The Court can find no basis for denying leave to amend additional affirmative defenses. Leave to amend shall be freely given when justice so requires, and this policy is applied with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). And while the court may deny leave to amend on a showing of bad faith, undue delay, prejudice to the opposing party, or futility of amendment, ITW has made no such showing. The Court **GRANTS** MOC's motion for leave to amend as to the affirmative defenses.

**II.     Supplemental Counterclaims and Joinder of Quantum Marketing, Inc.**

MOC wishes to assert five additional counterclaims based on breach of contract. MOC alleges in its proposed amended answer that ITW and MOC entered into agreements in 2008 and 2009 whereby MOC would manufacture products pursuant to ITW's specifications. (Proposed Answer at 6–7.) MOC alleges ITW informed MOC on or about August 16, 2010, that ITW refused to pay for the products that it ordered. (*Id.* at 7.) As part of its new counterclaims, MOC also seeks to join Quantum Marketing, Inc. (QMI) because QMI appears on the 2008 and 2009 purchase agreements.

*(1)     Discussion*

MOC's motion for leave to file affirmative defenses is properly framed as a motion to supplement. (Mot. to Amend at 4.) And for the most part, the standards for granting or denying a motion to supplement under Rule 15(d) are the same as the standards for leave to amend 15(a). 6A C.A. Wright, et al, *Federal Practice and Procedure Civil* § 1504 (3d ed.). The Court will discuss the differences as they arise.

1  *1.     Undue Delay, Prejudice to the Opposing Party, Futility of Amendment, and Bad Faith*

2  As noted above, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). A trial court may deny a motion for leave to amend based on various factors, including bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court applies these standards to MOC's motion to supplement additional counterclaims.

ITW makes three arguments why adding the breach of contract counterclaims would cause undue prejudice. First, the addition of new claims would delay the case. Second, the new claims would require additional discovery and an extension of the discovery schedule. And third, by introducing matters unrelated to patent infringement, it increases potential jury confusion.

These arguments are unpersuasive. MOC seeks to assert breach of contract claims at a point where discovery will not close for more than two months. There is no indication that adding such claims would require an extension of the discovery schedule. Moreover, the breach of contract claims are factually related to MOC's laches and estoppel defenses, both of which were already asserted in MOC's first answer. And finally, contract claims are often litigated with patent infringement claims. The Court finds that allowing MOC to assert breach of contract claims will not prejudice ITW or cause undue delay.

ITW then claims that MOC's motion to amend was not made in good faith. ITW argues that MOC misrepresented the key communication underlying the breach of contract claim. Moreover, MOC is allegedly aware that QMI should not be a party to the case. And finally, ITW alleges that MOC opposed combining this case with another pending case. The Court finds that MOC is not acting in bad faith when bringing its motion to amend. None of ITW's arguments support such a finding.

And finally, a "proposed amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). ITW argues that amending MOC's breach of contract claims would be futile because no contract claim had accrued at the time MOC filed its motion to amend. MOC argues, however, that—as of the amendment date—ITW "has still not paid its bills in breach of the 2009

vendor agreement." (Reply at 7.) An amendment would not be futile because MOC alleges that the contracts were breached prior to the amendment date.

*2.  Unrelated Claims and Judicial Efficiency*

One difference between amendments and supplements concerns new claims unrelated to the original pleading. Leave to file a supplemental pleading will be denied where the supplemental pleading asserts new claims unrelated to the original pleading. *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). In *Neely*, the plaintiff attempted to file a supplemental complaint several years after its case had reached final disposition. *Id.* at 402. The 9th circuit held that allowing supplemental pleading would be improper because the new claim "should have been the subject of a separate suit." *Id.* This was especially congent because the original cause of action had already been resolved. *Id.* The *Neely* court also noted that the goal of Rule 15(d) is to promote judicial efficiency. *Id.* And that to determine if efficiency might be achieved, the Court should assess whether the entire controversy between the parties could be settled in one action. *Id.*

ITW argues that the MOC's contract claims against QMI are not related to the patent infringement suit and thus the supplemental claims should be denied. The Court disagrees. MOC's breach of contract counterclaims arise out of the same nucleus of facts undergirding its affirmative defenses. The parties do not dispute that QMI was an ITW-related entity when QMI signed vendor contracts with MOC for the sale of allegedly patented products. (Doc. 55-2 Decl. of William A. Crowe (Crowe Decl.) ¶ 3.). Given this relationship, the existence of contracts are relevant to MOC's affirmative defenses in the patent infringement case. On the issue whether the contracts were breached, the Court believes judicial efficiency would be better served by considering such claims in conjunction with the patent infringement claims.

*3.  Joinder of Quantum Marketing, Inc.*

Joinder of parties under 15(d) is governed by Federal Rules of Civil Procedure 19 and 20. Rule 20(a)(2) allows for the permissive joinder of defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Based on the facts provided and the addition of the breach of contract counterclaims, the Court finds that QMI can be properly joined as a Defendant in this action.

*(2)* *Conclusion*

MOC's supplemental breach of contract counterclaims against QMI can be properly added to the pleadings. None of the factors counseling against supplemental pleadings are present in this case, and the counterclaims are sufficiently related to the original pleading. Moreover, under Federal Rule of Civil Procedure 20, QMI is properly joined as a party in this case.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion for leave to file first amended answer to complaint, affirmative defenses, and counterclaims. (Doc. No. 44.) Defendant **SHALL** file an amended answer by November 19, 2010.

**IT IS SO ORDERED**.

DATED: October 26, 2010

Honorable Janis L. Sammartino
United States District Judge