# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS TOOL WORKS, INC. dba WYNN'S, a Delaware Corp.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>MOC PRODUCTS COMPANY, INC., a California Corp.,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 09CV1887 JLS (MDD)<br><br>**ORDER (1) DENYING MOC PRODUCTS COMPANY INC.'S EX PARTE MOTION FOR LEAVE TO FILE SUMMARY ADJUDICATION MOTION FOR INVALIDITY OF U.S. PATENT NO. 6,073,638 PURSUANT TO 35 U.S.C. § 103; AND (2) DENYING AS MOOT ILLINOIS TOOL WORKS, INC.'S EX PARTE MOTION TO STRIKE MOC'S EX PARTE MOTION**<br><br>(ECF Nos. 221, 223) |

　　　　Presently before the Court are Defendant MOC Products Company, Inc.'s ("MOC") ex parte motion for leave to file summary adjudication motion for invalidity of U.S. Patent No. 6,073,638 pursuant to 35 U.S.C. § 103, (MOC ex parte, ECF No. 221), and Plaintiff Illinois Tool Works, Inc.'s ("ITW") ex parte motion to strike MOC's ex parte motion, (ITW ex parte, ECF No. 223). Both ex parte motions were filed on March 15, 2012. Also before the Court is ITW's response in opposition to MOC's ex parte motion. (ITW Opp'n, ECF No. 222) Having considered the parties' arguments and the law, the Court **DENIES** MOC's ex parte motion for leave to file yet another motion for summary adjudication in this matter, and therefore **DENIES AS MOOT** ITW's ex parte motion to strike.

Magistrate Judge Dembin's June 21, 2011, scheduling order set the deadline for filing all pretrial motions in this matter as October 10, 2011. (Scheduling Order, ECF No. 107) In line with this cutoff date, MOC filed a total of five motions for summary adjudication on or before October 10, 2011. (ECF Nos. 121, 147, 149, 150, 153) The Court Ordered these motions consolidated, granting MOC an additional thirty days from the original pretrial motion deadline to file its motions for summary adjudication. (Order, Oct. 11, 2011, ECF No. 160) And, on November 10, 2011, MOC filed two consolidated motions for summary adjudication. (ECF Nos. 172, 175)

Relevant here, MOC's motion for summary adjudication pertaining to the '638 patent sought judgment as a matter of law as to the invalidity of the patent, only on the basis of 35 U.S.C. § 102 anticipation. (ECF No. 172) The Court denied MOC's motion, finding there was a disputed issue whether the prior art devices atomize liquid cleanser, and thus a disputed issue whether the '638 patent was anticipated by the prior art. (Order, Mar. 6, 2012, at 16, ECF No. 219) And so now MOC would like another bite at the apple: its § 102 argument failed, and now it seeks leave to file another motion to assert invalidity pursuant to § 103 for obviousness instead. (MOC ex parte, ECF No. 221)

Federal Rule of Civil Procedure 16 requires that any party seeking to modify a scheduling order show "good cause" for why the Court should set aside or extend a deadline. Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Here, MOC's only assertion of good cause is that it "did not previously believe that ITW would contend that the [prior art] does not atomize."[1] (MOC ex parte 4, ECF No. 221) But MOC knew at least as of December 22, 2011—the date ITW filed its response in opposition to MOC's earlier motion, (Resp. in Opp'n to MOC '638 MSJ 6–7, ECF No. 187)—that ITW had this contention.

---

[1] MOC also asserts that the motion will "result in a significant conservation of judicial and party resources." (MOC ex parte 2, ECF No. 221) But the fact that this issue may be resolved on summary judgment does not speak to the relevant good cause inquiry here—namely, MOC's diligence in complying with Magistrate Judge Dembin's scheduling order. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Indeed, judicial and party resources would have been better conserved by bringing this motion in conjunction with the prior motion on invalidity.

    Moreover, the Court sees no reason why MOC could not have pursued this invalidity argument even before learning of ITW's contention that the prior art does not atomize. If MOC's § 103 argument is as strong as it believes it to be, then it would have been asserted long before this late stage in the litigation. Already this case has been pending for over two and a half years. The Court would prefer to see this matter proceed to trial, than have it further stymied in endless motion practice.

    **IT IS SO ORDERED**.

DATED: March 16, 2012

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge