UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS TOOL WORKS, INC., DBA WYNN'S, a Delaware Corp.,<br><br>Plaintiff,<br><br>vs.<br><br>MOC PRODUCTS COMPANY, INC., a Cal. Corp.,<br>Defendant.<br><br>AND RELATED COUNTER CLAIMS | Case No. 09 cv 1887 JLS (MDD)<br><br>**SPECIAL VERDICT FORM**<br><br>**The Honorable Janis L. Sammartino** |

FILED NOV 19 2012

## VERDICT FORM

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below. Unless instructed to skip a question, all questions must be answered.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case.

### DIRECT INFRINGEMENT

**Question 1.** Has ITW dba Wynn's proven by a preponderance of the evidence that MOC has directly infringed the following claims of the '638 patent?

Claim 1:     Yes ✓     No ____

*If you answered "No" to Claim 1, skip Claims 2 and 3 and proceed to Claim 5.*

Claim 2:     Yes ✓     No ____

*If you answered "No" to Claim 2, skip Claim 3 and proceed to Claim 5.*

Claim 3:     Yes ✓     No ____

*Proceed to Claim 5.*

Claim 5:     Yes ✓     No ____

*Proceed to If you answered "No" to Claim 5, skip Claims 6-8 and proceed to Question 2.*

Claim 6:     Yes ✓     No ____

*If you answered "No" to Claim 6, skip Claims 7-8 and proceed to Question 2.*

Claim 7:     Yes ✓     No ____

*If you answered "No" to Claim 7, skip Claim 8 and proceed to Question 2.*

Claim 8:     Yes ✓     No ____

*Proceed to Question 2.*

## INDIRECT INFRINGEMENT – ACTIVE INDUCEMENT

**Question 2.**  Has ITW dba Wynn's proven by a preponderance of the evidence that MOC is liable for inducing infringement?

    Claim 1:    Yes ✓    No _____

*If you answered "No" to Claim 1, skip Claims 2 and 3 and proceed to Claim 5.*

    Claim 2:    Yes ✓    No _____

*If you answered "No" to Claim 2, skip Claim 3 and proceed to Claim 5.*

    Claim 3:    Yes ✓    No _____

***Proceed to Claim 5.***

    Claim 5:    Yes ✓    No _____

*If you answered "No" to Claim 5, skip Claims 6-8 and proceed to Question 3.*

    Claim 6:    Yes ✓    No _____

*If you answered "No" to Claim 6, skip Claims 7-8 and proceed to Question 3.*

    Claim 7:    Yes ✓    No _____

*If you answered "No" to Claim 7, skip Claim 8 and proceed to Question 3.*

    Claim 8:    Yes ✓    No _____

***Proceed to Question 3.***

## **INDIRECT INFRINGEMENT – CONTRIBUTORY INFRINGEMENT**

**Question 3.** Has ITW dba Wynn's proven by a preponderance of the evidence that MOC is liable for contributory infringement of the following claims of the '638 patent?

      Claim 1:    Yes ✓    No _____

*If you answered "No" to Claim 1, skip Claims 2 and 3 and proceed to Claim 5.*

      Claim 2:    Yes ✓    No _____

*If you answered "No" to Claim 2, skip Claim 3 and proceed to Claim 5.*

      Claim 3:    Yes ✓    No _____

*Proceed to Claim 5.*

      Claim 5:    Yes ✓    No _____

*If you answered "No" to Claim 5, skip Claims 6-8 and proceed to Question 4.*

      Claim 6:    Yes ✓    No _____

*If you answered "No" to Claim 6, skip Claims 7-8 and proceed to Question 4.*

      Claim 7:    Yes ✓    No _____

*If you answered "No" to Claim 7, skip Claim 8 and proceed to Question 4.*

      Claim 8:    Yes ✓    No _____

*Proceed to Question 4.*

## **WILLFUL INFRINGEMENT**

*If you answered "Yes" with respect to any claim in Questions 1, 2, or 3, proceed to Question 4. If not, proceed to Question 5.*

**Question 4.** Has ITW dba Wynn's proven by clear and convincing evidence that MOC actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent?

Yes ✓          No _____

*Proceed to Question 5.*

## PATENT INVALIDITY - ANTICIPATION

**Question 5.**   Has MOC proven by clear and convincing evidence that the following claims of the '638 patent are invalid due to anticipation?

Claim 1:   Yes _____   No ___✓___

*If you answered "No" to Claim 1, skip Claims 2 and 3 and proceed to Claim 5.*

Claim 2:   Yes _____   No ___✓___

*If you answered "No" to Claim 2, skip Claim 3 and proceed to Claim 5.*

Claim 3:   Yes _____   No ___✓___

*Proceed to Claim 5.*

Claim 5:   Yes _____   No ___✓___

*If you answered "No" to Claim 5, skip Claims 6-8 and proceed to Question 6.*

Claim 6:   Yes _____   No ___✓___

*If you answered "No" to Claim 6, skip Claims 7-8 and proceed to Question 6.*

Claim 7:   Yes _____   No ___✓___

*If you answered "No" to Claim 7, skip Claim 8 and proceed to Question 6.*

Claim 8:   Yes _____   No ___✓___

*Proceed to Question 6.*

## **PATENT INVALIDITY – OBVIOUSNESS**

**Question 6.** The ultimate legal conclusion on the obviousness question will be made by the court. However, in order for the court to do so, you must answer certain questions:

a. The parties have agreed that '638 patent is associated with the art of designing, engineering and using engine intake cleaning devices. One of ordinary skill in the art would have a working knowledge of engine service machines and engine intake systems, a degree in mechanical engineering or fluid mechanics and/or at least three to five years experience in conceiving, designing, engineering and/or modifying engine intake cleaning devices, along with experience in using such equipment.

b. The parties agree that the scope and content of the prior art at the time of the claimed invention is the following: MOC's Heavy Duty Induction Canister ("HDIC"), QMI's Induction Tool, and ITW dba Wynn's's original Combustion Chamber Cleaner tool (Part No. 31912). The foregoing is collectively referred to as "the Prior Art."

c. What differences, if any, existed between the scope of the asserted claims and the Prior Art at the time of the claimed invention?
(Check only those that you find exist)

   _____ There were no differences between the scope of the asserted claims and the Prior Art at the time of the claimed invention. (If this is checked, proceed to Question 6(d)).

   _____ The Prior Art did not provide a source of liquid cleaner.

   __✓__ The Prior Art did not utilize an aspirator to atomize liquid cleaner.

   __✓__ The Prior Art did not utilize an aspirator to atomize liquid cleaner while introducing the liquid cleaner into the intake system.

   __✓__ The Prior Art did not utilize an aspirator with a bore of determined diameter to define a metering orifice for liquid cleaner.

   __✓__ The Prior Art did not provide that aspirator with an ambient air intake bore.

    \_\_\_\_\_ The Prior Art did not introduce the liquid cleaner while the engine is at a fast idle speed.

    ✓ The Prior Art did not introduce the liquid cleaner into the intake manifold as an atomized substantially non-precipitating mist.

    ✓ The Prior Art did not utilize an aspirator with a body having a through bore of determined diameter.

    ✓ The Prior Art did not provide that aspirator body with an ambient air intake bore.

    ✓ The Prior Art did not provide that aspirator body with an end portion of tapering outer diameter.

    ✓ The Prior Art did not provide that aspirator body with a plurality of gradated substantially cylindrical diameter sections at the end portion of tapering outer diameter.

    ✓ The Prior Art did not providean aspirator that had both of the following: (1) a bore of determined diameter through which liquid cleaner flowed, and (2) an ambient air intake bore.

    ✓ The Prior Art did not provide an aspirator that had all three of the following: (1) a bore of determined diameter through which liquid cleaner flowed, (2) an ambient air intake bore, and (3) and end portion of tapering outer diameter that had a plurality of gradated substantially cylindrical diameter sections spaced along the length of the aspirator body.

  d.  Which, if any, of the following have been established by the evidence:

    i.  The claimed invention was the predictable result of using prior art elements according to their known functions.

        Yes \_\_\_\_\_    No ✓

    ii.  The claimed invention provided an obvious solution to a known problem.

        Yes \_\_\_\_\_    No ✓

   iii. At the time of the claimed invention, there was a design need or market pressure to solve a problem in the field of the claimed invention.

    Yes &#x2713;   No \_\_\_\_\_

   iv. There were a finite number of identified, predictable solutions to solve a problem in the field of the claimed invention.

    Yes \_\_\_\_\_   No &#x2713;

   v. There was a reasonable expectation that the invention would work for its intended purpose.

    Yes &#x2713;   No \_\_\_\_\_

e. Which, if any, of the following factors have been established by the evidence with respect to the claimed invention (check only those that you find apply):

- [x] commercial success of a product due to the merits of the claimed invention;
- [x] a long felt need for the solution provided by the claimed invention;
- [x] unsuccessful attempts by others to find the solution provided by the claimed invention;
- [x] copying of the claimed invention by others;
- [x] unexpected and superior results from the claimed invention;
- [x] acceptance by others of the claimed inventions as shown by praise from others in the field or from the licensing of the claimed invention;
- [ ] independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it;
- [x] changes or related technologies or market needs contemporaneous with the invention;
- [x] the inventor proceeded contrary to accepted wisdom in the field;

    __✓__ persons having ordinary skill in the art of the invention expressed surprise or disbelief regarding the invention.

***Proceed to Question 7.***

## **DAMAGES**

*If you answered "Yes" with respect to any claim in Questions 1, 2, or 3, for which you answered "No" in Question 5, answer the following:*

## **Question 7.**

(a) What lost profits, if any, did ITW dba Wynn's show it more likely than not suffered as a result of sales that it would with reasonable probability have made but for MOC's infringement?

    a. From Aug. 29, 2003 – Aug. 28, 2009: $ 3,144,267

    b. From Aug. 29, 2009 – Present: $ 1,307,158

(b) For those infringing sales for which Patent Holder has not proved its entitlement to lost profits, what has it proved it is entitled to as a reasonable royalty:

    a. A royalty payment of $ 753,766 for the time period Aug. 29, 2003 – Aug. 28, 2009.

    b. A royalty payment of $ 346,531 for the time period Aug. 29, 2009 – Present.

DATED: November 19, 2012   By: Dennis Gibson
                                                         Presiding Juror